# In the United States Court of Federal Claims

No. 11-766 C

(Filed September 24, 2013)

| | |
|---|---|
| RUTH MILLER, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |
| | ) |

## ORDER

On July 31, 2013, defendant filed a motion (Doc. No. 51), pursuant to 28 U.S.C. § 1631, to transfer count one of the plaintiff's Second Amended Complaint to the United States District Court of Maryland. Plaintiff opposes defendant's motion. Briefing on this transfer matter is complete and oral argument is considered to be unnecessary.

The facts underlying defendant's transfer motion are the same as those involved in *King v. United States*, ___ Fed. Cl. ___, 2013 WL 4734908 (Aug. 30, 2013). In *King*, Supervisory Border Patrol Agents of the United States Customs and Border Protection seek overtime compensation alleged to be due to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (2012). In the instant case, plaintiff, a radiology technician at the Department of Veterans Affairs Baltimore Medical Center, seeks compensation alleged to be due to her under the FLSA.

In *King*, and in this case, defendant argues that the decision in *United States v. Bormes*, 133 S. Ct. 12 (2012) erects a jurisdictional bar to the assertion of FLSA claims in the Court of Federal Claims. If such a bar exists, a transfer to an a United States District Court would be appropriate.

The cited ruling in *King* denied defendant's transfer motion, confirming that *Bormes* does not impact the Federal Claims Court's long-exercised jurisdiction over FLSA compensation claims. This court agrees with the holding in *King* and adopts it in this case.

Accordingly, it is **ORDERED**:

(1) defendant's motion (Doc. 51) to transfer is **DENIED**;

(2) on or before October 23, 2013, the parties shall file a status report(s) proposing further proceedings required in this matter (RCFC Appendix A, Section VI) together with suggested schedule(s).

s/ James F. Merow
James F. Merow
Senior Judge