# In the United States Court of Federal Claims

No. 11-766 C

(Filed January 9, 2015)

| | |
|---|---|
| RUTH MILLER, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## OPINION

This opinion addresses government's motion for summary judgment seeking dismissal of counts I and VI of plaintiff's second amended complaint, counts II through V having been previously dismissed.   Docs. 64, 33-1, 30.

## FACTS

Plaintiff, Ruth R. Miller, is a radiological technologist employed since 1993 by the United States Department of Veterans Affairs ("VA"). Doc. 64 at 10-14.  At all relevant times plaintiff has performed a regular tour of duty at the VA hospital, 10 North Greene Street, Baltimore, Maryland.  *Id*.  The tour of duty is comprised of eight-hour days, Monday through Friday.  *Id*.

After completing her regular daily tour of duty at the VA hospital, Ms. Miller is scheduled for periods, usually every other week, to carry a pager or cellular telephone so that she can be reached by the hospital to return in the event she is needed to perform a procedure.  *Id*.

During her scheduled periods to carry a pager or cellular telephone and respond to a hospital call to return to perform a procedure, Ms. Miller is not required to remain at any particular location – such as the hospital or her residence. Doc. 64, App. at A42, A97-98, A103, A106.  Rather, she may move about and engage in any activity consistent with responding to a page or telephone call and returning to the hospital within one hour, if necessary.  *Id*. A20-21.

On July 5, 1998, Ms. Miller began receiving 25 percent of her annual salary added to her base pay as premium pay for scheduled standby duty.  Doc. 64, App. at A10, A109.  In June of 2011, plaintiff was notified as follows:

Dear Ms. Miller:

1.     This is to inform you that you have been receiving a 25% premium for standby pay from July 5, 1998 through the Present.  Due to an administrative error, you were coded into the system as eligible to receive standby pay when standby pay was discountinued [sic] effective October 16, 1989.

2.     We have taken action to correct the 25% premium pay processing a termination of the Standby Premium Pay effective June 18, 2011, and coding you in the system for On-call pay in the amount of 10% of your overtime rate effectice [sic] June 19, 2011.

3.     I regret this error and inconvenience to you.  If you have any questions regarding this, please contact Wanda Moody, Lead Civilian Payroll Technician, at 1-800-949-1003 ext. 6549 or Myself at 1-800-949-1003 ext. 2956.

Sincerely,

Kenneth Reil Jr., Human Resource Specialist, VAMHCS

Doc. 65-14.

Plaintiff's second amended complaint in count I alleges that the VA violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by failing to pay her standby pay and overtime compensation.  In count VI plaintiff alleges the VA violated the Federal Employee Pay Act ("FEPA"), 5 U.S.C. § 5541 *et seq.*, by failing to pay her "premium" pay. Doc. 33-1.

## DISCUSSION

In its motion for summary judgment, the government argues that plaintiff's VA work situation does not meet the requirements of the FEPA, 5 U.S.C. § 5545(c)(1), for payment of 25 percent annual premium pay.  To be eligible for the 25 percent annual premium pay an employee is required, when on-call "to remain

at, or within the confines" of her duty station.  5 U.S.C. § 5545(c)(1); 5 C.F.R. §§ 550.141, 550.143.

Plaintiff argues that her residence is her duty station and the government asserts that her duty station is the hospital.  The lack of agreement as to duty station is irrelevant in that the undisputed facts are that after completion of her regular tour of duty at the hospital plaintiff was not confined to either location during on-call hours.  During periods of on-call duty, Ms. Miller could go wherever she wanted as long as she could return to the hospital within an hour of the page.  Doc. 64, App. at A20-21.

It is concluded that Ms. Miller's VA work requirements do not include the restrictions during on-call periods which are required to obtain 25 percent premium pay, and payment of this premium by the VA was indeed as an "administrative error." *Huskey v. Trujillo*, 302 F.3d 1307 (Fed. Cir. 2002).

In addition to continuing payment of 25 percent standby premium pay, plaintiff also seeks to recover FLSA overtime compensation, 29 U.S.C. § 207(a)(1), for each hour she was subject to recall to the hospital to perform a procedure.  For essentially the same reasons that defendant opposes plaintiff's recovery of 25 percent standby premium pay, it opposes plaintiff's claim for FLSA overtime.

The governing regulations implementing the FLSA for federal employees address when standby or on-call duty counts as hours of work.  Thus 5 C.F.R. § 551.431 provides as follows (in relevant part):

> (a)(l)   An employee is on duty, and time spent on standby duty is hours of work if, for work-related reasons, the employee is restricted by official order to a designated post of duty and is assigned to be in a state of readiness to perform work with limitations on the employee's activities so substantial that the employee cannot use the time effectively for his or her own purposes.  A finding that an employee's activities are substantially limited may not be based on the fact that an employee is subject to restrictions necessary to ensure that the employee will be able to perform his or her duties and responsibilities, such as restrictions on alcohol consumption or use of certain medications. …

(b)  An employee will be considered off duty and time spent in an on-call status shall not be considered hours of work if:

    (1)  The employee is allowed to leave a telephone number or to carry an electronic device for the purpose of being contacted, even though the employee is required to remain within a reasonable call-back radius; or

    (2)  The employee is allowed to make arrangements such that any work which may arise during the on-call period will be performed by another person.

The undisputed facts as to Ms. Miller's work requirements after completing her regular tour of duty at the hospital are fully consistent with the description in 5 C.F.R. § 551.431(b)(1).  Thus, her on-call hours are not hours of work and do not generate entitlement to FLSA overtime.  *See Allen v. United States*, 1 Cl. Ct. 649 (1983); *Reimer v. Champion Healthcare, Corp.*, 258 F.3d 720 (8th Cir. 2001); *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 676 (5th Cir. 1991).

In support of her claim for continued FEPA 25 percent standby premium pay, together with FLSA overtime, plaintiff relies on the VA's actions from 1998 to 2011 paying her this compensation.  This reliance by plaintiff is to no avail.  As a federal employee holding her position by appointment, any entitlement to allowances must be based on the applicable statutes and regulations. *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985).  Everyone entering into an arrangement with the government takes the risk of having accurately ascertained that the person purporting to act for the government has the requisite authority to confer the benefits involved.  *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947).  The United States is not bound nor estopped by the VA's actions "in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." *Office of Personal Management v. Richmond*, 496 U.S. 414, 420 (1990) (citation omitted).

At all relevant times plaintiff has failed to meet the requirements to receive FEPA 25 percent standby premium pay and FLSA overtime pay for the standby hours. The VA was correct in its 2011 action terminating this compensation and, instead, switching plaintiff to the 10 percent of overtime rate for on-call duty hours, pursuant to 38 U.S.C. § 7457, which accurately covers her working conditions.

Finally, plaintiff claims that in pay periods for 2008-June 2011, the VA improperly cut some $15,843.96 worth of hours from her standby pay.  Doc. 68-1.  Defendant submits a detailed response which comprises a defense of certain deductions, such as for sleep time, but asserts generally that the claim for proper computation of FEPA 25 percent standby premium compensation and FLSA overtime for standby hours is simply irrelevant as plaintiff did not fulfill the requirements for this compensation at any relevant time.  Doc. 70.  Defendant asserts, and supports with the declaration of Laurie Bisbee, a VA Human Resources Specialist, that between November 26, 2008 and August 27, 2011, plaintiff was paid $44,175.37 more than she would have been paid had she been correctly compensated pursuant to the on-call sums authorized by 38 U.S.C. § 7457.  Doc. 70-4, App. at A464, A477.  Plaintiff concedes that the compensation she received for this period exceeds the amount she would have received under the on-call provisions of 38 U.S.C. § 7457.  Doc. 71 at 2.

Defendant states that it does not seek reimbursement for any of the premium pay that Ms. Miller has received, Doc. 66 at 5, but argues that in view of this overpayment, whether VA properly or improperly cut hours worth $15,843.96 from plaintiff's standby pay lacks relevance.  Plaintiff has clearly been paid more than the sums to which she is entitled for the period involved.

## CONCLUSION

As plaintiff received compensation somewhat in excess of the amount she would have received had she been correctly compensated for her on-call duty, pursuant to 38 U.S.C. § 7457, and as plaintiff has not established any entitlement to compensation for her on-call duty other than that provided by 38 U.S.C. § 7457, defendant's motion for summary judgment is **GRANTED** and judgment shall be issued dismissing plaintiff's second amended complaint.


s/ James F. Merow
James F. Merow
Senior Judge


5